UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
HOVENSA LLC,                                            :
                                                        :
        Plaintiff,                    :   MEMORANDUM
                                                        :   OPINION AND ORDER
  - against -                                       :
                                                        :   12 Civ. 5706 (SAS)
KRISTENSONS-PETROLEUM, INC.,                            :
                                                        :
        Defendant/Third-Party          :
        Plaintiff,                     :
                                                        :
  - against                                         :
                                                        :
OIL OVERSEAS S.A.,                                      :
                                                        :
        Third-Party Defendant.         :
------------------------------------------------------- X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

        Third-party plaintiff Kristensons-Petroleum, Inc. ("KPI") moves for reconsideration of this Court's April 26, 2013 Opinion and Order ("Order") dismissing the Third Party Complaint against Oils Overseas S.A. ("OOSA") for lack of personal jurisdiction.[1] For the following reasons, the motion is denied.

---

[1] *See* Memorandum of Law in Support of Reconsideration of the Court's April 26, 2013 Opinion and Order Dismissing the Third Party Complaint ("KPI Mem.").

1

## II. MOTION FOR RECONSIDERATION STANDARD

Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court.[2] "'[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[3] "Typical grounds for reconsideration include 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"[4] Yet, because "the purpose of Local Rule 6.3 is to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters,'"[5] the Rule must be

---

[2] See *Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[3] *United States v. Blumenberg*, No. 11 Cr. 3300, 2012 WL 6634066, at *2 (2d Cir. Dec. 21, 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (alteration in original)).

[4] *Gucci America, Inc. v. Guess?, Inc.*, No. 09 Civ. 4373, 2011 WL 6326032, at *1 (S.D.N.Y. Dec. 16, 2011) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[5] *Medisim Ltd. v. BestMed LLC*, No. 10 Civ. 2463, 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (quoting *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct.

"narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[6] Specifically, "a motion for reconsideration is not a substitute for [an] appeal."[7]

## III. DISCUSSION

KPI has not pointed to any points that the Court overlooked in its Order, or to any changes in the applicable law. Instead, its argument for reconsideration consists solely of untimely supplemental briefing. For this reason, it must be denied.

The sole basis advanced by KPI for asserting jurisdiction over third-party defendant Oil Overseas, S.A. ("OOSA") is Article 12(c) of KPI's "Standard Terms and Conditions of Sale of Marine Fuel" (the "KPI Terms"), which was incorporated in the purchase confirmation that KPI sent to OOSA when OOSA

---

6, 2008)).

[6] *United States v. Treacy*, No. 08 Cr. 0366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation omitted).

[7] *Scienton Techs., Inc. v. Computer Assocs. Intern. Inc.*, No. 04 Civ. 2652, 2013 WL 1856653, at *3 (E.D.N.Y. May 1, 2013) (quotation marks and citations omitted). *Accord Massop v. U.S. Postal Service*, 493 Fed. App'x 231, 232 (2d Cir. 2012) ("Finally, to the extent Massop was using the motion for reconsideration to challenge the merits of the district court's judgment, she was improperly using the motion as a substitute for appeal.") (citing *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) ("In no circumstances . . . may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion.")).

3

purchased fuel from it. Article 12(c) states:

> All other disputes between [OOSA] and [KPI] not arising out of or relating to the quantity or quality of fuel delivered to or to be delivered hereunder shall be resolved in an action brought in the United States District Court for the Southern District of New York. However, if [OOSA], its agents, servants or assigns, the receiving vessel, her owners, charterers, or any other entity liable to [KPI] under this contract, or at law, are not available in the jurisdiction of New York for service of process, then [KPI] is free to bring suit against any or all of them in any jurisdiction where any or all of them may be found for purposes of service of process.[8]

The Order held that "[the] first clause [of Article 12(c)] establishes mandatory venue in the Southern District of New York, but its second clause conditions this venue on the existence of traditional indicia of personal jurisdiction when suit is brought by KPI."[9] The basis for this holding was that if the first clause evidenced OOSA's consent to personal jurisdiction in New York, there would be no reason to condition KPI's right to bring suit under the contract in any other jurisdiction based on a party's unavailability in New York for service of process.[10]

On reconsideration, KPI rehashes the argument that it previously made, namely that the first clause establishes mandatory venue, while "[t]he

---

[8] *Hovensa LLC v. Kristensons-Petroleum, Inc.* ("Order"), No. 12 Civ. 5706, 2013 WL 1803694, at *2 (S.D.N.Y. Apr. 26, 2013) (citation omitted).

[9] *Id.* at *5.

[10] *See id.*

4

second sentence [] provides KPI with the power, at its option, to bring claims in another jurisdiction if a party is not available to be served with process in New York."[11] KPI cites to no controlling legal authority overlooked in the Order, and its additional argument falls well short of evidencing that the Court committed a manifest injustice.[12] The proper recourse for KPI is to appeal the Order. KPI's motion for reconsideration is denied. The Clerk of the Court is directed to close this motion (Doc. No. 27).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

---

[11] KPI Mem. at 5.

[12] For example, KPI claims that "The [Order] . . . overlooked the potential for claims 'at law'. . . ." *Id.* at 7. This is plainly irrelevant, given that such claims were not at issue: KPI is essentially arguing that the Court committed a manifest injustice by heeding the actual contract and dispute at issue, rather than a hypothetical dispute. Similarly, KPI's argument that the Order "overlooked the discretionary language of the second sentence ('Seller is free to') in finding that it imposes an obligation on KPI to bring suit against OOSA only where it may be found[,]" *id.* at 8, misses the mark. The Order recognized that KPI *must* bring suit in the Southern District of New York when its counterparty is available for service of process in New York, and was otherwise free to bring suit elsewhere. *See* Order, 2013 WL 1803694, at *5.

Dated:      New York, New York
            May 16, 2013

-Appearances-

**Counsel for Plaintiff:**

Geoffrey D. Ferrer, Esq.
Christopher Raleigh, Esq.
Cozen O'Connor
45 Broadway
New York, NY 10006
(212) 509-9400

**Counsel for Defendants/Third-Party Plaintiff:**

Jeanne-Marie D. Van Hemmen, Esq.
Josh Greco, Esq.
Josh Parks, Esq.
Betancourt, Van Hemmen, Greco & Kenyon LLC
151 Bodman Place, Suite 200
Red Bank, NJ 07701
(732) 530-4646

**Counsel for Third-Party Defendant:**

Scott R. Johnston, Esq.
John G. Poles, Esq.
Poles Tublin Stratakis & Gonzalez, LLP
46 Trinity Place, Fifth Floor
New York, NY 10006-2288
(212) 943-0110